# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** *Plaintiff,* vs. **DONTA LAMONT ROBINSON,** *Defendant.* | **DOCKET NO. 3:25-CR-006-KDB** **DEFENDANT ROBINSON'S SENTENCING MEMORANDUM** |

Donta Lamont Robinson, by and through his counsel of record, Assistant Federal Public Defender W. Kelly Johnson, hereby submits the following Sentencing Memorandum.

**A. Mr. Robinson submits that he should receive a two-level Criminal History downward variance below his current guideline range to a Guideline range of 46-57 months.**

Robinson asserts that the Larceny After Breaking/Entering conviction, set forth in paragraph 36 of the PSR, should not be used to increase his Criminal History score because he was a juvenile when he committed the crime. According to North Carolina law, because this conviction relates to a Class I or H felony, and the conviction occurred before he was 18 years of age, the conviction should be able to be expunged and not counted towards his criminal history. In the alternative, the change in North Carolina law should be the basis for a downward variance of his criminal history. This variance is supported by the United States Sentencing Commission's recent recognition that a "downward departure also may be warranted due to the defendant's youthfulness at the time of . . . prior offenses." U.S.S.G. § 5H1.1 (effective Nov. 1, 2024).

In 2017, North Carolina passed Raise the Age legislation following in-depth research

to align its treatment of 16- and 17-year-old justice involved youth with the national consensus. *See Raise the Age Fact Sheet*, NC Department of Public Safety, https://www.ncdps.gov/our-organization/juvenile-justice/juvenile-justice-overview/key-initiatives/raise-age-nc#WhatchangeswillRaisetheAgebring-1667 (last accessed 10/28/24). North Carolina was one of the last states in the country which allowed the prosecution of 16-year-olds as adults automatically, regardless of the severity of the offense or without prior juvenile court participation.  In 2020, North Carolina passed the Second Chance Act which, in part, addressed the disparity between youth charged before or after implementation of Raise the Age by allowing expunctions of qualifying youthful convictions. S.L. 2020-35 (S 562). At the time of its passage, North Carolina was one of only two states to prosecute sixteen-year-olds in adult court in every case. North Carolina Commission On The Administration Of Law And Justice, *Criminal Investigation & Adjudication Committee Report: Appendix A*, at 44 (2016), *available at* https://www.ncdps.gov/documents/files/juvenile-reinvestment (hereinafter "2016 Report").  Two primary legislative sponsors, in a bipartisan statement, explained that: "Everyone is subject to the rule of law, but those who have served their time deserve the opportunity to turn their lives around without the burden of these low-level convictions on their permanent record, hindering them from getting into college, joining the military or getting jobs[.]" ID. "This bill frees individuals from this unwarranted and unnecessary burden and gives them a second chance to become a productive member of society." ID.

Under normal circumstances, Counsel would have been able to obtain an expunction of the conviction set forth in paragraph 36 because the offense occurred when Mr. Robinson was 16 years old and the conviction was for a Class H felony. Unfortunately, a $3000.00 restitution order relating to the crime, which was converted into a civil judgment, is in place and prohibits North

Carolina courts from expunging the conviction. Mr. Robinson and his family do not have the means to pay the $3000.00 civil judgment and therefore, he cannot obtain an expunction of the conviction set forth in paragraph 36. Simply put, Mr. Robinson will receive a four-point criminal history increase, resulting in a two-level criminal history enhancement, because he is unable to pay a civil restitution judgment.

Equally, if the Raise the Age and Second Chance Act provisions had been in place when Mr. Robinson committed the 2017 Larceny After Break/Enter crime, he would have been treated as a juvenile and subject to a five-year time limit for scoring the conviction in his criminal history. USSG 4A1.2(d)(2)(a), provides that juvenile sentences of at least 60 days are only counted if "within five years of his commencement of the instant offense". As set forth in the attached NCDAC Printout, Mr. Robinson completed service of his sentence on the Larceny after Breaking/Entering sentence on August 17, 2019. The crime for which he plead guilty in this case, Count 2, occurred on August 29, 2024. More than five-years expired between the completion of the Larceny after Breaking/Entering sentence and the instant conviction. Therefore, if the 2017 conviction had been treated as a juvenile conviction, it would have been too old to result in criminal history points. Therefore, no points should be accessed for the conviction, or a downward variance is warranted.

**B. Additional BOP Programming and Jail Credit Requests.**

Mr. Robinson requests that this Court make the following recommendations to the Bureau of Prisons for facility designation, vocational training, and FSA programming at the time of sentencing:

1. That Mr. Robinson be designated to a BOP facility as close to Charlotte, North Carolina as possible, where he can receive appropriate Vocational and First Step Act (FSA)

programming and be close to his children and family who reside in the Charlotte area.

2. That Mr. Robinson be permitted to participate in any vocational training programs offered by the Bureau of Prisons and specifically requests that he be permitted to participate in the Welding and Electrician vocational programs offered by the BOP.

3. That Mr. Robinson be permitted to participate in the following FSA programs offered by the Bureau of Prisons, including the RDAP, Bureau Literacy Program, National Parenting from Prison Program and any programming that can assist him with mental health Issues.

Mr. Robinson submits the attached certificates of programming that he completed while incarcerated in Catawba County Jail.

**C. Conclusion.**

Mr. Robinson submits asserts that based upon a total offense level of 21 and a Criminal History category of III, his guideline range is 46-57 months based upon the variance for overstatement of his Criminal History.

Respectfully submitted,

John G. Baker
Federal Public Defender for the
Western District of North Carolina

*/s/ W. Kelly Johnson*
W. Kelly Johnson
Assistant Federal Public Defender
129 W. Trade St., Suite 300
Charlotte, NC 28202
w_kelly_johnson@fd.org
704-374-0720

Attorney for Donta Lamont Robinson

Filed: March 25, 2026.